IN THE UNITED STATES DISTRICT COURT
FRO THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


WILLIAM D. BRYAN                                              PLAINTIFF

V.                                                            CIVIL ACTION NO.
                                                              3:09-CV-46-SAA

MACK TRUCKS, INCORPORATED                                     DEFENDANT


**MEMORANDUM OPINION**

Defendant Mack Trucks Incorporated seeks entry of summary judgment in this case, asserting that there are no genuine issues of material fact to be litigated, and it is entitled to judgment as a matter of law. After considering the motion, the court finds as follows.

**I. FACTS AND PROCEDURAL HISTORY**

The plaintiff William D. Bryan filed his complaint in the Circuit Court of Montgomery County, Mississippi on March 20, 2009. Docket 2. This case was properly removed to this court on April 30, 2009. Docket 1. The parties have consented to the exercise of jurisdiction by a magistrate judge under 28 U.S.C. §636(c) and Federal Rule of Civil Procedure 73, and the undersigned thus has authority to conduct all proceedings in this case, including entry of judgment and all post trial proceedings. Docket 9.

Bryan bought a new 2009 Mack CHU613 truck manufactured by defendant [docket 2, p. 1] from an Arkansas dealer. Docket 21-2. .1. Plaintiff alleges that on delivery of the truck he noticed that it vibrated so severely at times during operation that he was concerned that he would not be able to maintain control of the truck. *Id.* Plaintiff further alleges that despite numerous

1

repair attempts by the dealer that sold him the truck and another authorized dealer in Mississippi, the problem was not corrected. Docket 2, p.1. Bryan purchased the truck for use in connection with his commercial hauling & trucking business, W.D. Bryan Contract Hauling, but ceased his business operations in November of 2008. Docket 21-3. In his complaint, Bryan asserts a claim for relief under Mississippi Code Annotated §63-17-159 of the Mississippi Motor Vehicle Warranty Enforcement Act [Mississippi's "Lemon Law"].

Counsel for all parties attended a case management conference before the undersigned on July 21, 2009. At the conference the undersigned discussed the necessity of expert witness to prove plaintiff's claims as well as the court's requirements to abide by all deadlines set by the court. Docket 7. In the Case Management Order entered on July 30, 2009 [docket 8], the deadline for plaintiff's designation of experts was November 12, 2009. *Id.* There is nothing in the record to demonstrate that Bryan has ever designated an expert witness. Although Bryan stated in his response to the motion for summary judgment that "under the circumstances, the designation of expert was made as expediently as possible," not only is the court unable to find any evidence of a designation at all, but Bryan himself has not otherwise provided any information regarding the name of an expert or any of the requisite information as required by the Federal Rules of Civil Procedure and the Uniform Local Rules. Docket 22, p.1.

On November 4, 2009, defendant propounded its first set of interrogatories, first requests for admission and first requests for production to Bryan. Docket 17. Defendant acknowledges that Bryan responded to the interrogatories, but contends that Bryan did not respond to the requests for admission. [Docket 18, p. 1]. In fact, on December 14, 2009, the defendant put Bryan on notice that it intended to file a motion for summary judgment based, at least in part, on

his failure to respond to requests for admission. *Id.* Bryan filed no denial of the defendant's allegation that he had failed to respond, nor did he seek the court's assistance to obtain relief from Rule 36's provision that failure to reply to requests for admissions results in the requests being deemed to have been admitted. Although Bryan claims "the answers to discovery and requests for admissions were transmitted to the defendant in a timely fashion, and no notice was received from defendant that the Answers were not, in fact, received," nothing in the record supports the claim that Bryan responded to the requests for admissions, and other than this language in Bryan's unsworn response to the motion for summary judgment, plaintiff has provided no proof that responses were made. Docket 22, p.1.

Defendant filed this motion for summary judgment and memorandum brief in support on January 26, 2010. Docket 20 & 21. Bryan filed a two-page, unsworn response entitled "Answer To Motion For Summary Judgment" on February 24, 2010. Docket 22. Bryan did not file a brief in support of his response or submit any supporting documentation, affidavits or materials. On March 5, 2010 defendant filed both a reply to Bryan's response and a motion to strike the response as untimely and violative of U. Loc .Civ. R. 7(b)(4)'s requirement that a responding party file a memorandum brief in support of its response. Docket 24 & 26.

Defendant argues that Bryan's failures to designate an expert witness and to respond to requests for admissions are fatal to his claims and require the court to grant summary judgment in its favor. Defendant further contends that Arkansas substantive law rather than Mississippi law governs decision of this case because the truck was purchased in Arkansas. Under applicable Arkansas law, says defendant, Bryan's claims must fail because he did not give timely notice of an alleged breach of warranty under Arkansas Code Annotated § 4-2-607, did not timely revoke

acceptance under § 4-2-608(2), and any implied warranties are validly excluded or limited in conformity with Ark. Code Ann. §§ 4-2-316 and 4-2-719. Finally, defendant contends that Bryan cannot obtain relief under Miss. Code Ann. § 63-17-159 because the statute applies only to "consumers" and not to purchasers of motor vehicles used primarily for commercial use.

## II. DISCUSSION

### A. SUMMARY JUDGMENT

On a motion for summary judgment, the moving party's initial burden is to demonstrate that there are no factual issues warranting trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Russ v. International Paper Co.,* 943 F.2d 589, 592 (5th Cir.1991), *cert. denied,* 503 U.S. 987, 112 S.Ct. 1675, 118 L.Ed.2d 393 (1992). The moving party has the affirmative duty to show that there is no genuine issue of material fact, even on issues where the other party would have the burden of proof at trial. *Isquith v. Middle South Utilities, Inc.,* 847 F.2d 186, 199 (5th Cir.), *cert. denied,* 488 U.S. 926, 109 S.Ct. 310, 102 L.Ed.2d 329 (1988). The court recognizes that the process of moving for summary judgment imposes a substantial burden on the party requesting it. *Id.*

Rule 56 contemplates a shifting burden. Only after the moving party has discharged its initial burden under Rule 56 does a responsive burden fall on the nonmoving party to come forth with evidence demonstrating that there is a genuine issue of fact warranting trial. *International Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1264 (5th Cir.1991), *cert. denied,* 502 U.S. 1059, 112 S.Ct. 936, 117 L.Ed.2d 107 (1992). If the moving party fails to meet its initial burden, summary judgment must be denied, even if the nonmoving party does not respond to the motion.

4

*John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir.1985).

When examining a motion for summary judgment, all fact questions are viewed in the light most favorable to the non-movant. *Hassan v. Lubbock Independent School District,* 55 F.3d 1075, 1078 (5th Cir.), *cert. denied,* 516 U.S. 995, 116 S.Ct. 532, 133 L.Ed.2d 438 (1995). However, only materials included in the pretrial record and that would be admissible evidence may be considered. *See* Stults v. Conoco, Inc. 76 F.3d 651, 654-655 (5th Cir. 1996), citing *Martin v. John W. Stone Oil Distributor, Inc.,* 819 F.2d 547, 549 (5th Cir.1987). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. However, if "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.* , 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992).

In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) "[T]he moving party is entitled to judgment as a matter of law if the nonmoving party fails to make a sufficient showing of an essential element of the case to which the nonmoving party has

the burden of proof." *Melton v. Teachers Insurance & Annuity Association of America*, 114 F.3d 557, 559, citing *Celotex*, 447 U.S. at 233. Rule 56(e)(2) specifically states that a party opposing summary judgment "may not rely merely on allegations or denials in its own pleading; rather its response must – by affidavits or as otherwise provided in [Rule 56] – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2). The court has no duty to search the record for triable issues. *Ragas v. Tennessee Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998). Summary judgment is appropriate in any case "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the non-movant." *Armstrong v. the City of Dallas*, 997 F.2d 62 (5th Cir. 1993).

As noted, the only relief sought by Bryan in his complaint is that afforded under Miss. Code Ann. § 63-17-159 (1972), that is,

> that the Defendant take title of the vehicle said Plaintiff [sic] and refund to Plaintiff the full purchase price, including all reasonably incurred collateral charges, less a reasonable allowance for the Plaintiff's use of the vehicle, but including attorney's fees and other expenses as provided under the Code Section.

Docket 2, p 2.

## **B. REQUESTS FOR ADMISSIONS**

Rule 36 of the Federal Rules of Civil Procedure is quite clear on the issue of failure to respond to requests for admissions. Under subsection (a)(3) a matter is admitted unless the party responds to the request within thirty days after it is served. Moreover, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Anyone failing to abide by the time requirement

risks the court deeming the requests admitted by operation of the Rule. *American Automobile Ass'n. V. AAA Legal Clinic,* 930 F.2d 1117, 1120 (5th Cir. 1991); *Wallace v. Best Western Northeast*, 183 F.R.D. 199, 202 (S.D. Miss. 1998). "In form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party." *Id.*, citing *Advisory Committee's Note,* 48 F.R.D. 487, 534 (1970)). The fact that the admission is conclusively established "applies equally to those admissions made affirmatively and those established by default, even if the matters admitted relate to material facts that defeat a party's claim." *American Automobile Ass'n.,* 930 F.2d at 1120.

Bryan has provided no evidence that he responded to defendant's requests for admissions; he offers only counsel's statement that "the answers to discovery and requests for admissions were transmitted to the Defendant in a timely fashion, and no notice was received from Defendant that the Answers were not, in fact, received." Docket 22, p.1. Defendant, in its reply, maintains that plaintiff's responses to defendant's requests for admission were never received. Docket 24, p.2.

Local Uniform Civil Rule 5(c)(3) provides:

> **Discovery**. Interrogatories under Fed. R. Civ. P. 33, requests for Production or Inspection under Fed. R. Civ. P. 34, and Requests for Admissions under Fed. R. Civ. P. 36, must be served upon other counsel or parties, but not filed with the court. The party who served the discovery request or the response must retain the original and become the custodian and file a notice of service with the court [Official Form, No. 2(b)].

L.U. Civ. R. 5(c)(3).[1] Bryan failed to comply with this Rule. Finally, although the plaintiff

---

[1]The Local Uniform Civil Rules were amended in 2009. These amendments, effective December 1, 2009, were only stylistic with regard to L.U.Civ. R. 5(c)(3) and did not affect the

claims that "answers to the discovery and requests for admission were transmitted to the Defendant in a timely fashion . . .," the certificate of service on Bryan's responses to interrogatories, dated December 9, 2009,[2] names only "ANSWERS TO INTERROGATORIES" as having been served and no other responses or answers. Bryan points to no notice of service, has not provided a copy of the responses or affidavit of counsel or office staff relating to preparation and service of responses to requests for admission or any other evidence to establish that responses were timely made. Thus, Bryan's failure to timely respond to the requests for admissions propounded by defendant resulted in the requests being deemed admitted by virtue of operation of the Rule.

### C. PLAINTIFF'S FAILURE TO DESIGNATE AN EXPERT WITNESS

Because Bryan's requests for admissions are deemed admitted, and because Bryan failed to designate an expert witness in this case,[3] defendant contends that there remain no genuine

---

substantive intent or application of the rule to the current case.

[2]Defendant's Requests for Admission were served to plaintiff via first class U.S. Mail on November 4, 2009. Docket 20-5. A response would have been due on or before December 4, 2009.

[3]Defendant argues that Bryan has failed to designate an expert witness. In Bryan's answer to defendant's motion for summary judgment, Bryan states that "under the circumstances, the designation of expert was made as expediently as possible." Docket 22, ¶2. Nevertheless, nothing in the record suggests that Bryan has ever designated an expert witness under the Uniform Local Civil Rules or the Federal Rules of Civil Procedure. Because a proper designation was not made, Bryan would be prohibited from offering expert testimony at trial. L.U.Civ.R. 26(a)(2); Fed.R.Civ.P. 26(a)(2); *see also Great West Cas. Co v. U.S.*, 2006 WL 1778911, *4 ("Any witness, not just those experts retained or specially employed to provide expert testimony, who will provide expert testimony under Federal Rules of Evidence 702, 703 or 705 at trial must be properly designated. Generally, when a party fails to designate its expert as directed by the Federal Rules of Civil Procedure and the Uniform Local Rules, the expert is prohibited from testifying at trial." Although Local Uniform Civil Rule 26(a)(2)(C) allows an out-of-time expert designation, Bryan would be granted leave to designate out of time only upon

8

issues of material fact relating to Bryan's claims entitling defendant to summary judgment as a matter of law.

On the issue of whether expert testimony is required to support a claim under Mississippi's Motor Vehicle Enforcement Act, Miss. Code Ann. §63-17-151, *et seq*., the court is not aware of any case law that would require expert testimony where the facts of the case are such that any negligence or omission by the manufacturer would be easily understood by a jury. *See Walker v. Smitty's Supply, Inc.*, 2008 WL 2487793, *4 (S. D. Miss. 2008), citing *Wal-Mart Stores, Inc., v. Johnson,* 807 So2d 382, 388 (Miss.Ct.App. 2002). Although defendant correctly points out that federal courts applying Mississippi law, have found that expert testimony is a prerequisite on all strict liability claims,[4] because the court cannot find that expert testimony is essential to a claim under Mississippi's Motor Vehicle Warranty Enforcement Act, the effect of plaintiff's failure to properly designate an expert, particularly in light of the procedural posture

---

a showing of good cause. Not only has Bryan made no such showing, he has not requested that relief at all. The court utilizes the *Campbell* factors when analyzing whether such good cause is present: "(1) the importance of the witness's testimony; (2) the prejudice to the opposing party if the witness is allowed to testify; (3) the possibility that a continuance would cure potential prejudice; and (4) the explanation given for the failure to identify the witness." *Campbell v. Keystone Aerial Surveys, Inc.,* 138 F.3d 996, 1000 (5th Cir.1998) (citing *Bradley v. United States,* 866 F.2d 120, 124 (5th Cir.1989)). Under the facts and circumstances of this case – involving less than model performance by plaintiff's counsel according to applicable rules – it is highly unlikely that the court would grant such request absent a substantial showing of good cause.

[4] *See e.g. Hammond v. Coleman, Inc.,* 61 F.Supp.2d 533, 542 (S.D.Miss.1999), *aff'd* 209 F.3d 718, (without expert testimony on the issues of manufacturing defect, design defect or inadequate warnings, the plaintiff "failed to offer proof on a matter [on] which he bears the burden of proof at trial."); *see also Henson v. Lowe' s Home Ctrs., Inc.*, Civil Action No. 1:00CV302, 2001 WL 1523846, *1 (N.D.Miss. Apr. 26, 2001) (a plaintiff could not recover in a products liability case in which he did not offer expert testimony relating to manufacturing defects, design defects, or warning/instruction defects).

and facts established by operation of Rule 36, is not determinative. *See Lundy v. Conoco Inc.* 2006 WL 3300397, *3 -4 (S.D.Miss.,2006).

## D. PLAINTIFF'S CLAIMS UNDER MISSISSIPPI'S "LEMON LAW"

The complaint requested that the court grant plaintiff "all relief under Section 63-17-159, Mississippi Code Annotated, and require that the defendant take title of the vehicle said Plaintiff [sic] and refund to Plaintiff the full purchase price, including all reasonably incurred collateral charges, less a reasonable allowance for the Plaintiff's use of the vehicle, but including attorney's fees and other expenses as provided under the Code Section." Docket 2, p.2. Defendant's requests for admissions asked plaintiff to admit the following:

> REQUEST NO. 5: Tucker's Trucks, Inc. could not diagnose any vibration problems with the truck.
> REQUEST NO. 6: Tri-State Trucks, Inc. could not diagnose any vibration problems with the truck.
> REQUEST NO. 7: You purchased the truck for use in your trucking business.
> REQUEST NO. 9: You earned income from your use of the truck after encountering the alleged violations.
> REQUEST NO. 13: You suffered no loss of income as a result of the alleged violations in the truck.
> REQUEST NO. 14: You have no documents that support your claim for relief in the matter.
> REQUEST NO. 15: There are no witnesses that you can call that will support your contention that the truck suffered vibrations that interfered with its intended use.
> REQUEST NO. 16: You have not had an independent evaluation of the alleged problems with the truck performed by any person you intend to offer as an expert witness.
> REQUEST NO. 17: You have not consulted with any expert in connection with this case.
> REQUEST NO. 18: You have no evidence tending to support your request for relief against Mack Truck, Inc.
> REQUEST NO. 19: Your purchase of the truck was not for personal, family or household purposes as stated in Miss. Code Ann. § 63-17-155(c) and incorporated in the Mississippi Motor Vehicle Enforcement Act.

REQUEST NO. 20: There are no facts supporting your request for relief in this cause. Docket 21-5. Bryan argues that although his complaint only states a claim for and seeks relief under § 63-17-159, and despite a complete absence of any request or mention of any other desired relief but § 63-17-159, the complaint is also for "common law relief." *See* Docket 22; *see also* Complaint, Docket 2. Finally, to defendant's contention that Bryan may not recover under § 63-17-159 because he is not a "consumer" as defined under the Lemon Law, Bryan responds that "there is a genuine dispute as to the interpretation of § 63-17-159, MCA." Docket 22, p.1.

Although there is very little case law in Mississippi applying Mississippi's Lemon Law, the Mississippi statutory scheme is very similar to laws in Alabama (Ala.. Code §§ 8–20A–1 *et seq.*),[5] *see Lipham v. General Motors Corp.,* 665 So. 2d 190 (Ala. 1995) (affirming summary judgment for the manufacturer because plaintiff's primary use of the van in issue was commercial); Michigan (Mich. Comp. Laws Ann. §§ 257.1401 *et seq.*),[6] *see Zine v. Chrysler Corp.*, 236 Mich. App. 261, 600 N.W.2d 384 (1999) (finding the purchase of a vehicle primarily for business rather than personal purposes prohibits the purchases from protections provided by

---

[5] Ala.Code 1975 § 8-20A-1 defines "Consumer" as "The purchaser, other than for purposes of resale, of a new or previously untitled motor vehicle used in substantial part for personal, family, or household purposes, and any other person entitled by the terms of such warranty to enforce the obligations of the warranty."

[6] Mich. Comp. Laws Ann. §257.1401 defines a consumer as, "1 or more of the following: (*I*) A person who purchases or leases a new motor vehicle for personal, family, or household use and not for the purpose of selling or leasing the new motor vehicle to another person. (*ii*) A person who purchases or leases less than 10 new motor vehicles a year. (*iii*) A person who purchases or leases 10 or more new motor vehicles a year only if the vehicles are purchased or leased for personal, family, or household use. (*iv*) Any other person entitled to enforce the provisions of an express warranty pursuant to the terms of that warranty."

the Michigan Consumer Protection Act); New Mexico (N.M.S.A. 1978, § 57-16A-2),[7] *see Jones v. General Motors Corp.,* 124 N.M. 606, 953 P.2d 1104 (Ct. App. 1998) (affirming the trial court's finding that the owner could not recover against the manufacturer under the lemon law because he was not a consumer for purposes of the act as a person whose vehicles are "normally used for personal, family or household purposes"); and New York (N.Y. Gen. Bus. Law §198–a),[8] *see Volkswagen of America, Inc. v. Friedman,* 166 A.D.2d 709, 561 N.Y.S.2d 597 (2d Dep't 1990) (holding that to qualify as a consumer under New York's statute, the purchaser was required to show that the automobile was "normally" used for personal, family, or household purposes). Despite limited Mississippi case law, according to a two-page pamphlet explaining the law which is published and distributed by the Mississippi Attorney General's Office, individuals covered by the law must have purchased the vehicle in Mississippi and the vehicle must be purchased for "personal, non-commercial usage."[9] The pamphlet further explains that "the law creates a presumption that you are entitled to either a refund or replacement of a vehicle if the vehicle contains manufacturer defects which impair the value, use or safety of the vehicle after a reasonable number of attempts to repair it or if the vehicle is out of service for more than

---

[7]New Mexico Statutes Annotated §57-16A-2 states in part that a "'consumer' means the purchaser, other than for purposes of resale, of a new or used motor vehicle normally used for personal, family or household purposes. . . ."

[8]New York's General Business Laws, §198-a states that a consumer is defined as "the purchaser, lessee or transferee, other than for purposes of resale, of a motor vehicle which is used primarily for personal, family or household purposes and any other person entitled by the terms of the manufacturer's warranty to enforce the obligations of such warranty. . . ."

[9]Mississippi Office of the Attorney General, Consumer Protection Division, "A Consumer Guide to Mississippi's Lemon Law", printed courtesy of the Mississippi Automobile Dealers Association (n.d.).

15 days." *Id.*

In this case, Bryan's complaint alleges and there is no dispute that he purchased the truck from a dealership in Arkansas. Docket 2. Plaintiff's deemed admissions establish Bryan purchased the truck for use in his commercial trucking business and not for personal, family or household purposes. Request for Admissions Nos. 7 & 19. Finally, Bryan admits that he continued the use of the truck in his business after encountering the alleged vibrations, he suffered no loss of income as the result of the alleged vibrations and he has no witnesses, documents or evidence to support his claims. Request for Admission Nos. 8, 13, 14, 15, 18. Based on these facts, Bryan has failed to establish facts necessary to maintain his claims under Mississippi's Motor Vehicle Warranty Enforcement Act.

The complaint itself limits the relief sought by Bryan to only that offered by § 63-17-159. Because plaintiff did not purchase the truck in Mississippi and is not a consumer as defined by the statute, this statute is actually inapplicable to this case.[10] Assuming, arguendo that Bryan has also made some unarticulated claims for relief "under common law," the court is left puzzled as to what those claims could be. Nevertheless, the evidence in the case establishes that Bryan's claims, as stated in his complaint, are not viable in light of the evidence presented by defendant in support of its motion for summary judgment, and Bryan has failed to provide affidavits,

---

[10]Under Mississippi's choice of laws rule relating to warranty claims, it is likely that Arkansas Law would apply to this case. *See Patches Farms, Inc., v. Thompson Machinery Commerce Corp.,* 2008 WL 1821735 (N.D. Miss. 2008) citing *Price v. Litton Systems, Inc.,* 784 F.2d 600, 607-608 (5th Cir. 1986), on remand 651 F.Supp. 706, 709 (S. D. Miss. 1986). applicable Arkansas Lemon Law would likely not apply to plaintiff's claims. *See* A.C.A. §§4-90-401, et. seq. Nevertheless, because the plaintiff, represented by counsel, brought his claim solely under §63-17-159 of the Mississippi Code, and when presented with the issue of possible application of Arkansas's Lemon Law, failed to respond, the court will not pursue the issue further. Instead, the court has reviewed the claims as stated by plaintiff in his complaint.

documents or other sworn statements in support of his claims to show that there exists a genuine issue of material fact. Pleadings and unsubstantiated assertions will not meet plaintiff's burden. *Isquith for and on behalf of Isquith v. Middle South Utilities, Inc.,* 847 F.2d 186, 199 (5th Cir.), *cert. denied,* 488 U.S. 926, 109 S.Ct. 310, 102 L.Ed.2d 329(1988). Despite Bryan's representation by counsel and active participation in this case, including the discovery process, the only response to the motion which plaintiff provided to the court was a two-page, unsworn "Answer to Motion for Summary Judgment" that simply admitted or denied the numbered paragraphs of defendant's motion for summary judgment and provided no legal argument or analysis, no citation to court rule or applicable case law, and no evidentiary materials in support of his response. Even then, plaintiff's response was not timely and was not accompanied by a memorandum of authorities as required by L.U.Civ.R. 7. Because the plaintiff has failed to provide any evidence or state any facts that would demonstrate the existence of a genuine issue of material fact, the court concludes that defendant's motion for summary judgment should be granted.

### III.  CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment is granted. A separate judgment in accordance with this opinion will issue.

THIS, the 19th day of April, 2010.

                                                  /S/   S. Allan Alexander
                                                  UNITED STATES MAGISTRATE JUDGE